No. 262

SPITZ v. WORMAN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5955. Decided Nov. 16, 1925

147. BILLS & NOTES—1. Where an endorsee acquires note after maturity, he takes

it subject to all the personal defenses of makers.

2. Where there is a valid defense by maker against endorser, such defense is good against endorsee taking after maturity.

VICKERY, J.

This cause was tried in Cuyahoga Common Pleas on the following agreed statement of facts:

H. A. Worman, the owner of some real property, executed a note and mortgage securing it, to an investment company. Subsequently, Worman and others incorporated the Kelley-Worman Co. and transferred said property to the corporation, under an agreement by which the corporation agreed to pay said note. When the note became due the corporation paid same.

Thereafter this note and mortgage which the corporation never cancelled, was indorsed over to Max Spitz. Subsequently the corporation went into hands of a receiver. The property was sold by the receiver but the fact that the mortgage was on record was overlooked. Spitz never presented his claim to the receiver.

He then brought action against the original maker of the note and mortgage. The Common Pleas ruled for Worman. Spitz appealed and the Court of Appeals held:

1. A person taking a note after maturity, takes subject to all the personal defenses that makers might have against said note.

2. The agreement between the maker and the corporation was such personal defense as would avail against the corporation if they tried to collect against maker of said note.

3. Such defense being good against the corporation it would be good against any indorsee of said corporation after maturity.

4. Cause of action in this case would lie against the corporation and not against the makers.

Decree for Worman.

Attorneys—J. L. Spitz for Spitz; Wilkins, Cross & Daoust for Worman; all of Cleveland.